UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

SAMANTHA LATRAILLE,                              Case No. 17-CV-4210 (JRT/TNL)

                Plaintiff,

v.                                               REPORT AND RECOMMENDATION

UNITED STATES GOVERNMENT and
SEMONE WATSON,

                Defendants.

---

Plaintiff Samantha Latraille alleges that defendant "Semone Watson stole a 10 million dollar check and my identity to cash it." Compl. at 4 [ECF No. 1]. With that (and only that) allegation, Latraille brings this action for fraud against both Watson and the United States government. Latraille did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review of that IFP application, this Court concludes that Latraille qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the

complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. tlineIqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

As an initial matter, there is no basis whatsoever provided in the complaint for Latraille's inclusion of the United States government as a defendant. Latraille offers no reason why she has sued the United States, and the misconduct alleged by Latraille relates only to Watson. Any claims putatively brought against the United States must therefore be dismissed at the outset for failure to state a claim on which relief may be granted.

Once shorn of the United States as a defendant, all that remains of this lawsuit is a single state-law cause of action (fraud) alleged by a citizen of Minnesota against another citizen of Minnesota. *See* Compl. at 3. Because the claim presented by Latraille arises under state law and implicates no significant federal issue, this remaining claim does not present a federal question sufficient to invoke 28 U.S.C. § 1331 as a basis for original jurisdiction.[1] *See, e.g.*, *Grable &*

---

[1]To the extent that Latraille seeks enforcement of the federal *criminal* law against Watson, she cites no federal criminal statute that provides a private right of action against the misconduct alleged, and decisions "[w]hether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion." *United*

(continued...)

-2-

*Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312-13 (2005).  Because both Latraille and Watson are citizens of Minnesota, the Court cannot have original jurisdiction over this matter on the grounds of the parties' diversity of citizenship.  *see* 28 U.S.C. § 1332(a). And the Eighth Circuit has made clear that when all claims in a complaint over which a Court has original subject-matter jurisdiction have been dismissed before trial (as this Court has recommended), the court should decline to exercise supplemental jurisdiction over any remaining state-law claims.  *See Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008).

Accordingly, this Court now recommends that any claims against the United States government be dismissed without prejudice for failure to state a claim on which relief may be granted, and that all claims against Watson be dismissed without prejudice for lack of subject-matter jurisdiction.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1.    This matter be DISMISSED WITHOUT PREJUDICE.

2.    The application to proceed *in forma pauperis* of plaintiff Samantha Latraille [ECF No. 2] be DENIED.


Dated: October 19, 2017                          _____*s/Tony N. Leung*_____
                                                              Tony N. Leung
                                                              United States Magistrate Judge

---

[1](...continued)
*States v. Batchelder*, 442 U.S. 114, 124 (1979).

-3-

### **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).